## In the Matter of the GUARDIANSHIP OF the Person and Estate of Jettie Pauline ESTABROOK

### No. 18221.

Supreme Court of South Dakota.

Considered on Briefs on Sept. 3, 1993.

Decided March 2, 1994.

Patrick W. Kiner of Kiner Law Office, Mitchell, for appellees Doyle, Dennis and Carl Estabrook.

John R. Steele of Steele Law Office, Plankinton, for appellant Leona Jean Mashtare.

PER CURIAM.

## ACTION

Leona Jean Mashtare (Mashtare), one of Jettie Pauline Estabrook's (Estabrook) four guardians, appeals from an order which directed, in part, that "majority rules in the decision making of the guardians." We affirm.

## FACTS

In 1986, Estabrook executed an instrument nominating and appointing her four children, Carl, Dennis, Doyle and Mashtare, to be guardians of her person in case of her incompetency. The Commercial Trust and Savings Bank of Mitchell was nominated to be guardian of her estate. On September 9, 1992, the circuit court entered an order appointing Estabrook's four children as guardians of her person and Commercial Trust as guardian of her estate.

The guardians sharply disagreed over the proper care for Estabrook. The three boys felt that she should remain at the Storla Sunset Home in Storla, South Dakota. Mashtare believed that her mother's needs could be adequately met by another form of supervised living or by living with Mashtare in Texas.

Following a hearing where the parties presented evidence on the appropriate care for Estabrook and the guardian ad litem reported on his investigation, the court entered an order regarding placement which provided, in part,

ORDERED this matter is a guardianship wherein the four children of the Ward have been appointed as guardians of the person of Jettie Pauline Estabrook, and that pursuant to that appointment, majority rules in the decision making of the guardians . . .

## ISSUE

WHERE FOUR JOINT GUARDIANS OF A PERSON ARE APPOINTED ARE THEIR DECISIONS LEGALLY TAKEN ON THE BASIS OF MAJORITY RULE?

Mashtare contends that the authority of joint guardians must be exercised jointly. She believes that where there are four guardians, all four must agree before action is taken and one guardian may veto the decision of the other three guardians.

The case law and legal encyclopedias that Mashtare relies upon deal with questions involving two guardians, and not questions dealing with three or more guardians. South Dakota statutory law, however, lends guidance in resolving the conflict.

Estabrook executed a document naming her four children as guardians of her person. According to SDCL 30–27–25, the law in effect at that time:

If any person at a time when he has legal capacity and competency to make a will shall execute in writing with the same formalities including attestation as required to make a valid will, an instrument appointing another to be the guardian of his person and estate in case of his incompetency, the court shall appoint the person so nominated to act as guardian. In such instrument the guardian so nominated may be granted any powers and duties not contrary to law to be exercised under the supervision of the court and may be designated to act as such guardian without bond.

Although SDCL 30–27–25 refers to a singular person acting as guardian, words used in the singular include the plural except where a contrary intention plainly appears. SDCL 2–14–6. In addition, SDCL 30–27–26 gave the court the discretionary authority to appoint more than one guardian: "The court in its discretion, whenever necessary, may appoint more than one guardian of the persons, estates, or both, of any person subject to guardianship, who must give bond and be governed and liable in all respects as a sole guardian." In construing statutes, "[w]ords giving a joint authority to three or more public officers or other persons are construed as giving such authority to a majority of them unless it is otherwise expressed in the act giving the authority." SDCL 2–14–15. Thus, under South Dakota law at the time, the trial court correctly determined that three of four guardians had decision-making authority.

We note that this conclusion is also supported by the South Dakota legislature's 1993 revision of the guardianship laws. SDCL ch. 30–26 through 30–32 were repealed. 1993 S.D.Sess. Law, ch. 213, §§ 169–175. The South Dakota Guardianship and Conservatorship Act was enacted. 1993 S.D.Sess.Law, ch. 213. It provides:

If there is more than one guardian or conservator, a majority must concur to exercise a power unless a guardian or conservator has delegated powers to another guardian or conservator or the court has authorized the exercise of powers by less than a majority. However, a delegation, whether by court authorization or otherwise, does not immunize a guardian or conservator from liability for a breach of fiduciary duty committed by another guardian or conservator if the guardian or conservator participated in the breach, approved of, acquiesced in, or concealed the breach, negligently permitted the breach to occur, or had actual knowledge of the breach and failed to take reasonable corrective action.

SDCL 30–36–59. (*See also*, the Uniform Trusts Act: "[u]nless it is otherwise provided by the trust instrument, or an amendment thereof, or by court order, any power vested in three or more trustees may be exercised by a majority of such trustees." SDCL 55–4–3).

The order is affirmed.

MILLER, C.J., and WUEST, HENDERSON, SABERS and AMUNDSON, JJ., participating.